IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DELVAKIO BROWN, CAMERON WALLS, BRIANNA EDWARDS, and TYLER GRANT, On Behalf of Themselves and All Others Similarly Situated,** <br><br> *Plaintiffs*, <br><br> v. <br><br> **PEPPER & PEACH, LLC, JUAN EDGERTON, and TAMI LENORE,** <br><br> *Defendants*. | **COLLECTIVE ACTION** <br><br> **CASE NO. _____** <br><br> **JURY DEMAND** |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Delvakio Brown, Cameron Walls, Brianna Edwards, and Tyler Grant ("Plaintiffs") bring this collective action against Defendants Pepper & Peach, LLC, Juan Edgerton, and Tami Lenore to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiffs assert these FLSA claims as a collective action on behalf of themselves and all similarly situated workers, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. This Complaint centers on two aspects of Defendants' illegal pay practices. First, Plaintiffs and those they seek to represent worked without receiving their pay, including payment of the statutorily mandated minimum wages and overtime wages. Second, Defendants kept tips that were earned by their employees.

### I. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to

1

28 U.S.C. § 1331.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants resides in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A. Plaintiffs**

5. Plaintiff Delvakio Brown is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Brown was employed by Defendants as an hourly-paid employee from approximately August 2020 to November 2020.

6. Plaintiff Cameron Walls is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Walls was employed by Defendants as an hourly-paid employee from approximately November 6, 2020 to November 30, 2020.

7. Plaintiff Brianna Edwards is over the age of nineteen (19) and is a resident of Murfreesboro, Rutherford County, Tennessee. Plaintiff Edwards was employed by Defendants as an hourly-paid employee from approximately October 9, 2020 to November 12, 2020.

8. Plaintiff Tyler Grant is over the age of nineteen (19) and is a resident of Fairview, Williams County, Tennessee. Plaintiff Grant was employed by Defendants as an hourly-paid employee from approximately May 2020 to October 2020.

**B. Defendants**

9. Defendant Pepper & Peach, LLC is a member-managed Tennessee limited liability company doing business within this judicial district. Defendant Pepper & Peach, LLC owns and operates Pepper + Peach Hot Chicken restaurants and Peach Cobbler Factory stores in Davidson and Rutherford Counties in Tennessee.

10. Defendant Pepper & Peach, LLC is an entity that has employed all employees who

have worked at all Pepper + Peach Hot Chicken restaurants and Peach Cobbler Factory stores in Tennessee, including Plaintiffs.

11. Defendant Pepper & Peach, LLC employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

12. Defendant Pepper & Peach, LLC has at all relevant times been an employer within the meaning of the FLSA.

13. Defendant Juan Edgerton is an owner and member of Defendant Pepper & Peach, LLC.

14. Defendant Edgerton is responsible for all employment decisions, including pay decisions for employees of Defendant Pepper & Peach, LLC.

15. Defendant Edgerton is responsible for all day-to-day operations of Defendant Pepper & Peach, LLC and the restaurants and stores operates.

16. Defendant Edgerton has at all relevant times been an employer within the meaning of the FLSA for employees who worked at the Pepper + Peach Hot Chicken restaurants and the Peach Cobbler Factory stores in Davidson and Rutherford Counties in Tennessee.

17. Defendant Tami Lenore is an owner of Defendant Pepper & Peach, LLC.

18. Defendant Lenore is responsible for all employment decisions, including pay decisions for employees of Defendant Pepper & Peach, LLC.

19. Defendant Lenore is responsible for all day-to-day operations of Defendant Pepper & Peach, LLC and the restaurants and stores operates.

20. Defendant Lenore has at all relevant times been an employer within the meaning of the FLSA for employees who worked at the Pepper + Peach Hot Chicken restaurants and the Peach Cobbler Factory stores in Davidson and Rutherford Counties in Tennessee.

## III. FACTS

21. Plaintiffs and those they seek to represent in this action were employed by Defendants at their Pepper + Peach Hot Chicken restaurants and their Peach Cobbler Factor stores located in Davidson and Rutherford Counties in Tennessee.

22. Defendants paid Plaintiffs and its other employees by the hour, including employees who Defendants referred to as managers.

23. Plaintiffs and similarly situated workers earned tips from Pepper + Peach Hot Chicken restaurant customers, both through cash transactions and electronic transactions.

24. Plaintiffs and similarly situated workers earned tips from Peach Cobbler Factory stores' customers, both through cash transactions and electronic transactions.

25. For tips eared by Plaintiffs and similarly situated workers through cash transactions from both Pepper + Peach Hot Chicken restaurant customers and Peach Cobbler Factory stores customers, Defendants kept a portion of those tips and allowed Plaintiffs and similarly situated works to keep a portion of such earned tips.

26. For tips earned by Plaintiffs and similarly situated workers through electronic transactions, including credit card and debit cards transactions, Defendants kept all such tips and did not pay any portion of such tips that were earned by Plaintiffs and similarly situated workers.

27. Defendants also regularly failed to pay Plaintiffs and similarly situated workers for all time worked. Included in this unpaid time is Defendants' failure to pay Plaintiffs and similarly situated workers for their work in November 2020 and early December 2020.

## IV. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs assert their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

4

> All hourly-paid employs of Defendants who worked at the Pepper +
> Peach Hot Chicken restaurants and the Peach Cobbler Factory stores
> in Tennessee at any time during the three years preceding the filing
> of this Complaint.

29. Plaintiffs' claims should proceed as a collective action because Plaintiffs and other similarly situated servers, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA'S MANADATE TO PAY FOR ALL HOURS WORKED

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

32. Plaintiffs and similarly situated servers are employees entitled to the FLSA's protections.

33. Defendants are employers covered by the FLSA.

34. The FLSA requires that covered employees receive their hourly pay for all hours worked during their continuous workday.

35. The FLSA requires that covered employees receive the minimum wage of $7.25 per hour for all hours up to 40 in a workweek and overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek (*i.e.*, a minimum oof $10.88 per hour). 29 U.S.C. § 207.

36. On a routine and regular basis, Defendants failed to pay Plaintiffs and the similarly situated servers they seek to represent for all hours worked. Specifically, Defendants failed to pay Plaintiffs and its other employees for all hours worked in November 2020 and December 2020.

5

37. This unpaid work time included hours over forty (40) in a workweek for some servers for some workweeks, including Plaintiffs.

38. As a result, Defendants failed to pay Plaintiffs and similarly situated workers the full minimum and overtime wage for all time worked in violation of the FLSA.

## COUNT II
**VIOLATION OF THE FLSA'S PROHIBITION OF EMLOYERS KEEPTING ITS EMPLOYEES' EARNED TIPS**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

41. Plaintiffs and similarly situated servers are employees entitled to the FLSA's protections.

42. Defendants are employers covered by the FLSA.

43. Defendants required Plaintiff and its other employees to pay their earned tips into a tip pool that was maintained by Defendants.

44. For tips earned by Plaintiffs and similarly situated workers that were paid by customers via cash transactions, Defendants allowed Plaintiffs and other similarly situated workers to keep a portion of these tips and Defendants kept a portion of such tips.

45. For tips earned by Plaintiffs and similarly situated workers that were paid by customers via electronic transactions, including credit card and debit card transactions, Defendants kept all such tips in violation of the FLSA. *See* 29 U.S.C. § 203(m).

46. Plaintiffs seek to recover, for themselves and all others who join this litigation, the earned tip funds earned by them that Defendants kept and an equal amount as liquidated damages. 29 U.S.C. § 216(b).

6

Case 3:20-cv-01092    Document 1    Filed 12/21/20    Page 6 of 8 PageID #: 6

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendants have violated the FLSA;

D. A finding that Defendants' FLSA violations are willful;

E. A judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for all unpaid and underpaid minimum and overtime wages that Defendants have failed and refused to pay in violation of the FLSA;

F. A judgment against Defendants and in favor of Plaintiffs and all similarly situated employees for all tipped monies they earned that were improperly kept by Defendant, in violation of the FLSA;

G. Prejudgment interest to the fullest extent permitted under the law;

H. Liquidated damages to the fullest extent permitted under the FLSA;

I. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

J. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: December 21, 2020

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiffs*