IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DELVAKIO BROWN, CAMERON WALLS, BRIANNA EDWARDS, and TYLER GRANT, on behalf of themselves and all others similarly situated, | ) ) ) ) ) No. 3:20-cv-01092 |
| Plaintiff, | ) ) Judge Aleta A. Trauger |
| v. | ) ) |
| PEPPER & PEACH, LLC, JUAN EDGERTON, and TAMI LENORE, | ) ) ) |
| Defendants. | ) |

**DENIAL OF MOTION FOR ENTRY OF DEFAULT**

Pending is Plaintiffs' Motion for Entry of Default against Defendant Pepper & Peach, LLC ("Pepper & Peach") (Doc. No. 20). For the following reasons, Plaintiff's Motion is **DENIED** without prejudice.

**I.    Procedural History**

Plaintiffs filed the Complaint against the Defendants on December 21, 2020. (Doc. No. 1). Summons was issued the same day as to "Pepper & Peach, LLC, c/o Byron M. Gill, 109 N. Castle Heights Avenue, Lebanon, TN 37087-2738". (Doc. No. 4).

On January 14, 2021, Plaintiffs returned the Summons and Proof of Service Declaration executed by Litigation Coordinator Astin Donovan. (Doc. No. 11 at PageID #58). Donovan's Declaration states that Pepper & Peach was served with process via Certified Mail return receipt requested. *Id.* Attached to the Declaration is a copy of the USPS Certified Mail receipt dated January 8, 2021. (*Id.* at PageID # 59). The name printed in the signature block of the receipt is "Z Raby," and the box for "Agent" was selected. *Id.* Written in the recipient block is the handwritten

1

notation "55.3 C11 CV19." *Id.* On April 15, 2021, Plaintiffs filed the pending Motion for Entry of Default against Pepper & Peach. (Doc. No. 20).

**Legal Standard and Analysis**

Pursuant to Local Rule 55.01, motions for entry of default against business entities pursuant to Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service and (ii) the opposing party's failure to plead or otherwise defend. L.R. 55.01. In support of their Motion, Plaintiffs filed the Declaration of David W. Garrison. (Doc. No. 21).

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on him to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). "Failure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3).

In support Plaintiffs' Motion for Entry of Default, Plaintiffs rely upon the Proof of Service declaration and executed Certified Mail receipt. (Doc. Nos. 11 and 21). As noted above, however, the receipt was not signed by its intended recipient Byron M. Gill, Pepper & Peach's registered

agent for service of process. Instead, the receipt includes only the name "Z. Raby" and the handwritten notation "55.3 C11 CV19." *Id.* This type of notation is consistent with the USPS's COVID-era modification of its signature requirements for Certified Mail receipts. The USPS website states,

> To reduce health risks, we are temporarily modifying customer signature capture procedures. While maintaining a safe, appropriate distance, employees will request the customer's first initial and last name so that the employee can enter the information on the electronic screen or hard copy items such as return receipts, and PS Forms 3811 (Domestic Return Receipt) and 3829 (Registered Dispatch Follow-Up). For increased safety, employees will politely ask the customer to step back a safe distance or close the screen door/door so that items may be left in the mail receptacle or appropriate location by the customer door.

*See* https://faq.usps.com/s/article/USPS-Coronavirus-Updates-for-Residential-Customers#mailing_shipping (last accessed December 21, 2021). USPS also prepared a video outlining the process. *See* https://www.youtube.com/watch?v=2rn0LXFFMao&feature=youtu.be (last accessed December 21, 2021).

Federal Rule of Civil Procedure 4(e)(1), allows an individual to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(10) expressly allows service by mail. Tenn. R. Civ. P. 4.04(10). However, for service to be effective, the return receipt must be signed by the defendant, a person designated by Rule 4.04, or by statute. *Id.* There is no evidence that any one of these three scenarios occurred here. As this Court has previously explained,

> Rule 4.03(2) requires any party attempting service by mail to file with the clerk "'the original summons . . . ; an affidavit of the person making service setting forth the person's compliance with the requirements of [Rule 4.03(2)]; and, the return receipt . . . .'" *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (quoting Tenn. R. Civ. P. 4.03(2)). "'*If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these*

3

rules or by statute may be used.'" *Id.* (emphasis in original). In *Hall v. Haynes*, the Supreme Court of Tennessee explained that "Rule 4.03's explicit restriction of whom [sic] may sign the return receipt" generally requires "'that the return receipt be signed by the defendant and no one else.'" *Id.* (quoting Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2–3(v) (2d ed. 2004)). As an example of that principle, the court discussed *Edwards v. Campbell*, in which the Tennessee Court of Appeals held that the plaintiffs failed to effect service of process by mail under Rule 4.03 even though the wife and mother of the respective defendants had signed the return receipts. *Id.* (citing No. E2000-01463-COA-R3-CV, 2001 WL 52776 (Tenn. Ct. App. Jan. 23, 2001)).

*Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *4 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019). In this case, the Pepper & Peach's registered agent did not sign the USPS Certified Mail return receipt, instead, it appears that the Postal employee followed the modified procedure established by the USPS. As a result, service of process as to Pepper & Peach via Certified Mail is ineffective under Tennessee law.

For the reasons stated herein, Plaintiffs' Motion for Entry of Default (Doc. No. 20) is **DENIED** without prejudice.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court